M. D. WELLS COMPANY, Respondent, vs. RAYWORTH, Appellant.

*April 12—April 29, 1913.*

*Sales: Warranty: Evidence as to market price.*

In an action for the purchase price of goods,—the issue being whether they were bought as first-class goods with a warranty of quality, as claimed by defendant, or were bought at a discount from the market price with the understanding that they were a job lot of damaged goods, as plaintiff claimed and testified,—it was error to exclude evidence as to the value and market price of first-class goods of that kind at the time of the sale, offered by defendant for the purpose of contradicting plaintiff's claim and testimony and showing that the sale price was the full market price.

APPEAL from a judgment of the circuit court for Langlade county: JOHN GOODLAND, Circuit Judge. *Reversed.*

This is an action to recover the purchase price of a quantity of rubbers. The defendant by answer admitted the sale

and delivery of the rubbers at the prices claimed, but alleged by way of defense and counterclaim that the plaintiff warranted the rubbers to be of first quality and that the boxes contained the sizes marked thereon, but that said warranties were both breached and the rubbers worthless, and damages were demanded for breach of the warranties. By reply the plaintiff denied the making of any warranty, and alleged that the rubbers were bought as a job lot of damaged goods, at fifteen per cent. discount from regular prices. The jury returned a general verdict for the plaintiff for the purchase price of the rubbers, and the defendant appeals.

For the appellant there was a brief by *H. F. Morson,* and oral argument by *A. K. Stebbins.*

For the respondent the cause was submitted on the brief of *Kemper, Bloodgood & Kemper.*

WINSLOW, C. J. The issue here was simple, namely, whether the rubbers were bought as first-class goods with a warranty of quality, as defendant claims, or whether they were bought at a discount from the market price, with the understanding that they were a job lot of damaged goods, as the plaintiff claims. The plaintiff introduced evidence tending to prove that the goods were a job lot of broken sizes, known to be such by the defendant and bought by him at his own risk at fifteen per cent. reduction from the regular price, because they were a job lot. The defendant, after proving the defective character of the rubbers, testified that he negotiated with the plaintiff's salesman for first-class rubbers, and bought them under a warranty that they were first class; that the salesman first asked $1.65 for them, and defendant told him he could buy first-class rubbers for from $1.52 to $1.57, and finally the salesman offered him fifteen per cent. discount, and he took them. The defendant then offered to prove by persons familiar with the business what the value and market price of first-class rubbers was at the time of the purchase, and what the rubbers would have been worth if they had been

of the quality which defendant claimed they were warranted to be. The purpose of this testimony so offered was to contradict the plaintiff's claim that the goods were in fact sold at fifteen per cent. reduction from the market price, and show that the regular fixed market price of rubbers of first-class quality at the time of the purchase was no more than the price at which the rubbers were bought. This testimony was rigidly excluded by the trial judge, and the ruling was clearly erroneous and must have been prejudicial. The principal fact relied upon by the plaintiff to establish its contention was the fact that the goods were sold at a cut price. If it was a fact, as claimed by defendant, that they were sold at or about the regular market price, the defendant's case would have been greatly strengthened.

For the exclusion of this evidence there must be a new trial. The court charged the jury that it was undisputed that the defendant received a discount of fifteen per cent. on the goods. This was true under the evidence received, because of the exclusion of the evidence above referred to. If on a new trial there should be evidence tending to show that the sale price was in fact the market value of such goods at the time, such an instruction would be erroneous and should not be given.

*By the Court.*—Judgment reversed, and action remanded for a new trial.